**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 3:05cr0024 AS** |
| | ) | |
| **ELFEGO HERRERA-MARTINEZ,** | ) | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | ) | |
| **ELFEGO HERRERA-MARTINEZ,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:06cv0509 AS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent** | ) | |

*MEMORANDUM AND ORDER*

This court takes full judicial notice of the proceedings in 3:05cr0024 and notes that

this defendant, now petitioner, made a pro se filing requesting relief under 28 U.S.C.

§2255.  That filing was on August 17, 2006, and the United States of America responded

to it on December 28, 2006.

The defendant was represented by H. Jay Stevens, a lawyer with long experience

in the defense of criminal cases in the United States courts and with long experience as a

federal public defender.  This court well remembers the proceedings on April 22, 2005

when this court engaged in the process with the services of a competent interpreter and

took pains to be very careful. The court also remembers what it said and did and the

contents of the sentencing memorandum entered on August 19, 2005. It must be noted that this defendant was sentenced to the minimum under the relevant guidelines.

This court has long been a patron of moving criminal and civil cases as rapidly as possible. Long experience has also demonstrated, at least in some instances, that so-called fast track programs were for show. The proper handling of criminal cases is serious business, and on occasion consumes very valuable time. There is certainly no constitutional right to a so-called fast track system, and there's no showing here that the case was not handled within the mandates of the Speedy Trial Act. If the Seventh Circuit cannot rewrite either the law or Supreme Court decisions, it certainly follows that this court cannot. *See United States v. Villarreal-Tomayo*, 467 F.3d 630(7th Cir. 2006).

The most important issue raised in this case has to do with the assertion by this defendant that he instructed his lawyer, Mr. Stevens, to file a notice of appeal. In this record there is the affidavit of Attorney H. Jay Stevens with the attached correspondence on that subject included. That sworn testimony fails to support the assertions by this defendant. It appears that there may be a swearing contest here between this defendant and Mr. Stevens. This court will hold an evidentiary hearing on that issue as soon as its very heavy criminal calendar can accommodate him and as soon as the U.S. Marshal Service can produce this defendant in South Bend, Indiana. **IT IS SO ORDERED**.

DATED: January 5, 2007

S/ ALLEN SHARP

ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT