UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:05 CR 24 AS |
| | ) | |
| ELFEGO HERRERA-MARTINEZ | ) | |
| | ) | |
| Defendant. | ) | |
| ******************************** | ) | |
| ELFEGO HERRERA-MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 3:06 CV 509 AS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner, Elfego Herrera-Martinez's ("Petitioner"), August 17, 2006, "Petition for review pursuant to 28 U.S.C. 2255" (Crim. Docket No. 19; Civ. Docket No. 1) appealing this Court's Order dated August 19, 2005 (Crim. Docket No. 16) sentencing the Petitioner. In short, this *pro se* Petitioner asserted that his constitutional rights were violated due to ineffective assistance of counsel for failure to file a notice of appeal upon Petitioner's request; failure to advise regarding possible downward departures under U.S.S.G. 5K2.0 including cultural assimilation; failure to seek a "fast track resolution" for his case; as well as challenging the holding in *Almendarez-Torres v.*

*United States*, 523 U.S. 224 (1998), which allows a sentence enhancement for a prior conviction for an aggravated felony under 8 U.S.C. § 1326(b)(2). Petitioner claims that the Supreme Court did not examine the most recent amendment to 8 U.S.C. § 1326(b)(2), in its decision in *Almendarez-Torres*, therefore, the sentencing enhancement violates the Sixth Amendment by not requiring proof beyond a reasonable doubt.

## PROCEDURAL HISTORY

The Petitioner, Elfego Herrera-Martinez, was charged in Count one (1) of a 1-Count Indictment returned by a grand jury in this district on March 9, 2005. Petitioner plead guilty to Count 1 of the Indictment on April 22, 2005 without the benefit of a plea agreement. Count 1 charged the Petitioner with a violation of 8 U.S.C. § 1326(a)(2) and b(2), Re-entry of a Deported Alien. On August 19, 2005, the Petitioner was sentenced on Count 1 to seventy (70) months imprisonment, to be followed by two (2) years of supervised release, and $100.00 special assessment. (Crim. Docket No. 16). On August 17, 2006, Petitioner filed his "Petition for review pursuant to 28 U.S.C. 2255" (Crim. Docket No. 19; Civ. Docket No. 1) appealing this Court's Order and asserting the allegations previously identified. On November 28, 2006 this Court determined that Petitioner waived his Attorney/Client Privileges, based on the Petitioner's asserting a claim of ineffective assistance of counsel. (Crim. Docket No. 23). On December 28, 2006, the Government filed its response to Petitioner's 2255 Motion. (Crim. Docket No. 25).

On January 5, 2007, this Court issued an Order discounting several allegations alleged by Petitioner. (Crim. Docket No. 26; Civ. Docket No. 2). Specifically, this Court found that Petitioner was afforded a change of plea hearing on April 22, 2005 which was carefully conducted by this Court with the services of a competent interpreter and while Petitioner was ably repented by Jay Stevens, a very experienced criminal defense lawyer. *Id.* at 1. After the parties did not make any objections to the presentence report, this Court sentenced Petitioner to the minimum under the relevant guidelines. *Id.* at 2. This Court also determined that there is no constitutional right to a fast track system, and that there was no showing here that this case was not handled within the mandates of the Speedy Trial Act. *Id.* Regarding Petitioner's challenge of judicial fact finding of his prior aggravated felony conviction, under 8 U.S.C. § 1326(b)(2) and the decision in *Almendarez-Torres*, this Court held that it did not violate the Petitioner's constitutional rights and that as the Seventh Circuit cannot rewrite the law or Supreme Court decisions, nor can this Court. *Id.* (citing *United States v. Villarreal-Tomayo*, 467 F.3d 630 (7th Cir. 2006)). Thus, this Court determined that the most important issue raised in this case had to do with the assertion that Petitioner had instructed his lawyer, Mr. Stevens, to file a notice of appeal. *Id.* Therefore, an evidentiary hearing was held before this Court on March 8, 2007 regarding this issue.

After reviewing the entirety of the record, including the documents filed by the parties and the testimony and evidence presented during the evidentiary hearing, this

3

Court finds that the Petitioner's "Petition for review pursuant to 28 U.S.C. 2255" is denied for the reasons stated in this Court's January 5, 2007 Order (Crim. Docket No. 26; Civ. Docket No. 2), and for the reasons set forth below.

## **DISCUSSION**

During the evidentiary hearing,[1] this Court acknowledged that it was altogether appropriate to go the 'extra mile' with regard to the proceedings, and allowed the parties to present evidence and arguments, and allowed the Petitioner the opportunity to address the Court. The Petitioner did in fact address this Court. In so doing, the Petitioner admitted that he had 'nothing against' his former attorney, Mr. Stevens. Petitioner stated that he initially told Mr. Stevens that because Petitioner was guilty of the crime of illegally reentering the United States and because he was going to plead guilty and end up with the same sentence (regardless of whether he was represented), that he did not want an attorney. Mr. Stevens explained that he would be able to help the Petitioner with his sentence, as Mr. Stevens was trained in criminal law and the sentencing regime. Thereafter, the Petitioner admitted that he told Mr. Stevens that it would be 'fine' for Mr. Stevens to represent the Petitioner, even though the Petitioner knew that he would still receive the same sentence (with or without counsel). Further, the Petitioner said that all he wanted now, was for this Court to reduce his sentence.

In the Government's response to Petitioner's 2255 Motion, filed on December 28,

---

[1] This Court takes judicial notice of the evidentiary hearing held on March 8, 2007 and has closely reviewed the transcript regarding the same.

4

2006, the government acknowledged that counsel's failure to file an appeal when instructed to do so by a client can constitute ineffective assistance of counsel. Gov't Response at 5 (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). However, the government argued that the Petitioner made no such request that an appeal to his sentence be filed, and in fact the Petitioner specifically declined the option of taking an appeal. The evidence presented by the Government during the hearing, in relevant part, included an affidavit by Mr. Stevens and various letters documenting communications between Mr. Herrera-Martinez and Mr. Stevens regarding the Petitioner's right to appeal and the time frame for filing an appeal. Docket 25-2 and 25-3. In a letter dated August 24, 2005, Mr. Stevens reminded the Petitioner that an appeal had to be filed by September 2, 2005, and that if Mr. Stevens did not hear from the Petitioner, then an appeal would not be filed. *Id.* Further, Mr. Stevens received a handwritten letter from the Petitioner, also dated August 24, 2005, which included the Appeal Election Form with the Petitioner's signature, wherein the Petitioner had placed an "X" along side of the paragraph that said he did not wish to take an appeal. *Id.* During the evidentiary hearing, the Government stood by its written response, and also had Mr. Stevens testify and confirm the circumstances of his not filing the appeal, as set forth in Mr. Stevens' affidavit.

     This Court has carefully considered the evidence and the arguments posed by the parties, and has determined that this is not a close call. Aside from the fact that the Petitioner did not continue to argue at the hearing, that Stevens failed to file an appeal,

5

this Court finds that Stevens did not file an appeal because the Petitioner did not request that an appeal be filed. In fact, the Petitioner specifically declined the option of taking an appeal. Therefore Petitioner's claims are without merit.

Further, to the extent that the Petitioner requests that this Court now modify his sentence, this Court will not do so. The Seventh Circuit has made it clear that district judges have limited authority to alter sentences after their imposition. *U.S. v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (setting forth the restrictions imposed by 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35). Specifically, Fed. R. Crim. P. 35 authorizes this Court to modify a sentence within seven (7) days of it's imposition to correct a technical error, or on the prosecutor's motion to reward substantial assistance rendered after the sentence had been imposed. *Id*. As in *Smith*, neither of these circumstances pertains to Elfego Herrera-Martinez, nor do the exceptions in 18 U.S.C. § 3582(c) assist him. *Id*. Because § 3582(c) limits the substantive authority of the district court, it is a real "jurisdictional" rule rather than a case-processing requirement. *Smith*, 438 F.3d at 799 (citing *Eberhart v. U.S.*, 546 U.S.12, 126 S.Ct. 403 (2005)). It is the sort of limit that must be respected. *Smith*, 438 F.3d at 799 (citations omitted). Accordingly, this Court is without authority to correct any alleged error in Defendant's sentence.

Additionally, even if this Court had the authority to modify the sentence imposed on August 19, 2005, it would not do so. After no objections were made to the presentence report, this Court calculated the guideline sentence and chose a sentence at

the low-end and within the applicable guideline range.  See, Sentencing Memorandum, p. 3-4.  Where this Court properly calculated the appropriate advisory guideline range, decided to impose a sentence within the range, and referenced that the sentence sufficiently punished the Defendant and satisfied the purposes of 18 U.S.C. § 3553(a), the sentence imposed on August 19, 2005 is proper.  See, *U.S. v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006).

This Court has not changed its mind that Petitioner was represented by a very competent attorney.  With all deference, there is no merit in this *pro se* Petitioner's claims.  For the foregoing reasons, Petitioner Elfego Herrera-Martinez's "Petition for review pursuant to 28 U.S.C. 2255" (Crim. Docket No. 19; Civ. Docket No. 1) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: April 24, 2007**

　　　　　　　　　　　　　　　　　　　S/ ALLEN SHARP
　　　　　　　　　　　　　　　　　　**ALLEN SHARP, JUDGE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**